UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.:

MARQUIS COLEMAN,
and other similarly-situated individuals,

    Plaintiff (s),

v.

OAKLAND CAR SERVICE, INC.
ANNELLIE'S CAR WASH LLC,
JACOB SCHNEIDER
and RENE L. MORENO, individually,

    Defendants,

_____ /

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff MARQUIS COLEMAN, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants OAKLAND CAR SERVICE, INC., ANNELLIE'S CAR WASH LLC, JACOB SCHNEIDER, and, RENE L. MORENO individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff MARQUIS COLEMAN is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant OAKLAND CAR SERVICE, INC. (hereinafter, OAKLAND CAR SERVICE, or Defendant) is a Florida corporation having its main place of business in Broward County, Florida, where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. Defendant ANNELLIE'S CAR WASH LLC (hereinafter ANNELLIE'S CAR WASH, or Defendant) is a Florida corporation having its main place of business in Broward County, Florida, where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

5. The individual Defendant JACOB SCNEIDER was and is now, owner/director OAKLAND CAR SERVICE, INC. Defendant JACOB SCNEIDER was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. The individual Defendant RENE L. MORENO was and is now, owner/director of ANNELLIE'S CAR WASH LLC. Defendant RENE L. MORENO is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

7. Defendants OAKLAND CAR SERVICE and ANNELLIE'S CAR WASH operates a carwash located at 3501 West Oakland Park Blvd, Lauderdale Lakes 33311.

8. Defendants OAKLAND CAR SERVICE and ANNELLIE'S CAR WASH LLC, will be called collectively ANNELLIE'S CAR WASH.

9. All the action raised in this complaint took place in Broward County Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

10. This cause of action is brought by Plaintiff MARQUIS COLEMAN to recover from Defendants regular wages, overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

11. Corporate Defendant ANNELLIE'S CAR WASH provides car wash services in Broward County.

12. Defendant ANNELLIE'S CAR WASH employed Plaintiff MARQUIS COLEMAN as a non-exempt tipped car wash employee, approximately from 2001, to November 19, 2016 or more than 15 years.  However, for FLSA purposes Plaintiff's relevant period of employment is 139 weeks.

13. During Plaintiff's employment time, he worked more than 40 hours every week period. Plaintiff worked weeks two weeks of five days, and two week of 5 days per week.  Plaintiff worked from 8:00 AM to 6:00 PM (10 hours daily). Plaintiff was unable to take any bona fide lunch period, and he worked for a total of 50 and 60 hours each week.

14. Plaintiff and all individuals similarly situated, did not punch in and out, but they were forced to maintain the regular schedule. This schedule was strictly enforced by Defendants, and Plaintiff and other similarly situated individuals were sanctioned with suspensions, and they were threatened with termination, if they did not comply with the established schedule.

15. Plaintiff and other employees similarly situated were paid a piece-rate of $3.00 per car. Usually, Plaintiff was paid an average of $100.00 weekly. Additionally, Plaintiff received tips for an average of $65.00  weekly, which totaled $165.00 per week. This means that Plaintiff was paid an average of $3.30 and $2.75 an hour, not even the Federal minimum wage.

16. Plaintiff and all individuals similarly situated were not paid minimum wages at the Federal minimum wage rate of $7.25 as required by the Fair Labor Standards Act.

17. In addition, Plaintiff worked 50 and 60 hours weekly, however he was not paid for overtime hours at the rate of time and a half his regular wage.

18. Defendant failed to keep accurate records and to track hours worked, tips received, in order to make sure that Plaintiff's piece rate, plus tips received were enough to meet at least the mandatory Federal minimum of $7.25.

19. To circumvent FLSA's regulations, Plaintiff and other individuals similarly situated were wrongly classified as "contract laborers" or "independent contractors", and thus not treating them as "employees covered by the FLSA's provisions.

20. Plaintiff and all individuals similarly situated were paid daily on cash basis, and they were not provided with any paystub detailing hours worked, wage rate etc. etc.

21. Therefore, Defendant failed to pay Plaintiff and other similarly situated employees minimum and overtime wages, and they violated all the provisions of the Fair Labor and Standards Act protecting workers.

22. Plaintiff complained many times to the owner of the business RENE L. MORENO and with Supervisors Mark, Pete, and Ned, and requested to be paid at least minimum wages and overtime hours.

23. Plaintiff tried to organize a collective complain with his co-workers. Plaintiff intended to request minimum wages and overtime. However, management found out and as a result, on or about November 19, 2016, Plaintiff was fired.

24. Plaintiff MARQUIS COLEMAN seeks to recover any unpaid minimum wages, overtime hours, retaliatory damages, and any other relief as allowable by law.

25. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

26. Plaintiff MARQUIS COLEMAN re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

27. This cause of action is brought by Plaintiff MARQUIS COLEMAN as a collective action to recover from Defendant overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 2014, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

28. Defendant ANNELLIE'S CAR WASH was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides car wash services. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information

and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involved those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

29. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a car wash employee, and through his daily activities, he handled and worked on goods and materials that were moved across State lines at any time in the course of business. In addition, Plaintiff performed services that were paid with credit cards. Therefore, there is individual coverage.

30. Defendant ANNELLIE'S CAR WASH employed Plaintiff MARQUIS COLEMAN as a non-exempt tipped car wash employee, approximately from 2001, to November 19, 2016 or more than 15 years, For FLSA purposes Plaintiff's relevant period of employment is 139 weeks.

31. During Plaintiff's employment time, he worked more than 40 hours every week period. Plaintiff worked weeks two weeks of five days, and two week of 5 days per week. Plaintiff worked from 8:00 AM to 6:00 PM (10 hours daily). Plaintiff was unable to take any bona fide lunch period, and he worked for a total of 50 and 60 hours each week.

32. Plaintiff and all individuals similarly situated, did not punch in and out, but they were forced to maintain the regular schedule. This schedule was strictly enforced by Defendants, and Plaintiff and other similarly situated individuals were sanctioned with suspensions, and they were threatened with termination, if they did not comply with the established schedule.

33. Plaintiff and other employees similarly situated were paid a piece-rate of $3.00 per car. Usually, Plaintiff was paid an average of $100.00 weekly. Additionally, Plaintiff received

tips for an average of $65.00 weekly, which totaled $165.00 per week. This means that Plaintiff was paid an average of $3.30 and $2.75 an hour, not even the Federal minimum wage.

34. To circumvent FLSA's regulations, Plaintiff and other individuals similarly situated were wrongly classified as "contract laborers" or "independent contractors", and thus not treating them as "employees covered by the FLSA's provisions.

35. Plaintiff and all individuals similarly situated were paid daily on cash basis, and they were not provided with any paystub detailing hours worked, wage rate etc. etc. Defendant did not maintain any time-keeping method. Plaintiff was paid a weekly average of $165.00 (or $3.30, and $2.75 an hour)**.**

36. Plaintiff and all individuals similarly situated were not paid overtime hours at the rate of time and a half his regular rate.

37. Defendant failed to pay Plaintiff and all individuals similarly situated at the rate of time and a half his regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

38. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

39. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

40. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Calculations are based in 2 weeks of 50 working hours and 2 weeks of 60 working hours.

   a. <u>Total amount of alleged half-time unpaid O/T wages</u>:

   Sixteen Thousand Six Hundred Twelve Dollars and 20/100 ($16,612.20)

   b. <u>Calculation of such wages:</u>
   Relevant weeks of employment: 139 weeks

   **i.    Overtime for 69 weeks of 50 working hours each.**
   Total number of weeks: 69
   Total number of hours worked: 50 hours weekly
   Total number of O/T hours: 10 hours
   Total paid: $ 165.00 weekly:50 hours=$3.30 an hour
   Applied Minimum wage: $7.25 x 1.5= $10.88 O/T rate
   O/T rate $10.88-$3.30 pay by hour = $7.58 O/T

   O/T $7.58 x 10 O/T hours=$75.80 weekly x 69 weeks=$5,230.20

   **ii.    Overtime for 70 weeks of 60 working hours each.**
   Total number of weeks: 70
   Total number of hours worked: 60 hours weekly
   Total number of O/T hours: 20 hours
   Total paid: $ 165.00 weekly:60 hours=$2.75 an hour
   Applied Minimum wage: $7.25 x 1.5= $10.88 O/T rate
   O/T rate $10.88-$2.75 pay by hour = $8.13 O/T

   O/T $8.13 x 20 O/T hours=$162.60 weekly x 70 weeks=$11,382.00

   Total overtime i and ii: $16,612.20

   c. <u>Nature of wages (e.g. overtime or straight time):</u>

   This amount represents unpaid overtime wages.

41. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

42. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

43. At the times mentioned, individual Defendant RENE L. MORENO was the owner/director/manager of ANNELLIE'S CAR WASH. Defendant RENE L. MORENO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of ANNELLIE'S CAR WASH in relation to its employees, including Plaintiff and others similarly situated. Defendant RENE L. MORENO had financial and operational control of the corporation, run day to day operations, determined working conditions of Plaintiff and other similarly situated employees and he is jointly liable for Plaintiff's damages.

44. Defendants ANNELLIE'S CAR WASH, JACOB SCNEIDER and RENE L. MORENO willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MARQUIS COLEMAN and other similarly-situated individuals and against the Defendants ANNELLIE'S CAR WASH, JACOB SCNEIDER and RENE L. MORENO on the basis of Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff MARQUIS COLEMAN actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MARQUIS COLEMAN and other similarly situated individuals demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

47. Defendant ANNELLIE'S CAR WASH was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1) (A). Defendant provides car wash services. Defendant has more than two employees recurrently engaged

in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involved those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

48. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a car washer employee, and through his daily activities, handled and worked on goods and materials that were moved across State lines at any time in the course of business. In addition, Plaintiff's services were paid with credit cards. Therefore, there is individual coverage.

49. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) Except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

50. Defendant ANNELLIE'S CAR WASH employed Plaintiff MARQUIS COLEMAN as a non-exempt tipped car wash employee, approximately from 2001, to November 19, 2016 or more than 15 years, For FLSA purposes Plaintiff's relevant period of employment is 139 weeks.

51. During Plaintiff's employment time, he worked more than 40 hours every week period. Plaintiff worked weeks two weeks of five days, and two week of 5 days per week. Plaintiff worked from 8:00 AM to 6:00 PM (10 hours daily). Plaintiff was unable to take any bona fide lunch period, and he worked for a total of 50 and 60 hours each week.

52. Plaintiff and all individuals similarly situated, did not punch in and out, but they were forced to maintain the regular schedule. This schedule was strictly enforced by Defendants, and Plaintiff and other similarly situated individuals were sanctioned with suspensions, and they were threatened with termination, if they did not comply with the established schedule.

53. Plaintiff and other employees similarly situated were paid a piece-rate of $3.00 per car. Usually, Plaintiff was paid an average of $100.00 weekly. Additionally, Plaintiff received tips for an average of $65.00 weekly, which totaled $165.00 per week. This means that Plaintiff was paid an average of $3.30 and $2.75 an hour, not even the Federal minimum wage.

54. To circumvent FLSA's regulations, Plaintiff and other individuals similarly situated were wrongly classified as "contract laborers" or "independent contractors", and thus not treating them as "employees covered by the FLSA's provisions.

55. Plaintiff and all individuals similarly situated were paid daily on cash basis, and they were not provided with any paystub detailing hours worked, wage rate etc. etc. Defendant did not maintain any time-keeping method

56. Plaintiff and all individuals similarly situated did not punched in and out, but they were forced to keep a regular schedule.

57. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff.

58. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

59. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Calculations are based in a workweek of 50 and 60 hours.
*Florida minimum wage for 2016 is $8.05, which is higher than Federal minimum wage. As per FLSA regulations the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

      Forty-Two Thousand Three Hundred Fifty-Seven Dollars and 50/100 ($42,357.50)

   b. <u>Calculation of such wages</u>:

      Total relevant weeks of employment: 139 weeks

        i. **Minimum wage for 69 weeks of 50 working hours each.**
      Total number of weeks: 69
      Total number of hours worked: 50 hours weekly
      Total paid: $ 165.00 weekly:50 hours=$3.30 an hour
      Applied FL Minimum wage: $8.05
      FL Minimum wage rate $8.05-$3.30 pay by hour = $4.75 Min. wage difference

      Difference Min. wage $4.75 x 50 hours=$237.50 weekly x 69 weeks=$16,387.50

        ii. **Minimum wage for 70 weeks of 60 working hours each.**
      Total number of weeks: 70
      Total number of hours worked: 60 hours weekly

      Total paid: $ 165.00 weekly:60 hours=$2.75 an hour
      Applied FL Minimum wage: $8.05 -2.75 paid=$5.30 Min. wage difference

      Diff. Min. wage $5.30 x 70 O/T hours=$371.00 weekly x 70 weeks=$25,970.00

      Total minimum wage  i and ii: $42,357.50

  c. <u>Nature of wages:</u>

      This amount represents unpaid minimum wages at Florida rate.

60. Defendant ANNELLIE'S CAR WASH unlawfully failed to pay minimum wages to Plaintiff.  Plaintiff seeks to recover any unpaid minimum wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

61. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

62. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

63. At the times mentioned, individual Defendant RENE L. MORENO was the owner/director/manager of ANNELLIE'S CAR WASH. Defendant RENE L. MORENO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of ANNELLIE'S CAR WASH in relation to its employees, including Plaintiff and others similarly situated. Defendant RENE L. MORENO had financial and operational control of the corporation, run day to day

operations, determined working conditions of Plaintiff and other similarly situated employees and he is jointly liable for Plaintiff's damages.

64. Defendants ANNELLIE'S CAR WASH, JACOB SCNEIDER and RENE L. MORENO willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages as set forth above.

65. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARQUIS COLEMAN respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants ANNELLIE'S CAR WASH, JACOB SCNEIDER and RENE L. MORENO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MARQUIS COLEMAN and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)

## RETALIATORY DISCHARGE; AGAINST All DEFENDANTS

66. Plaintiff MARQUIS COLEMAN re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

67. This action arises under the laws of the United States.

68. Defendant ANNELLIE'S CAR WASH was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1) (A). Defendant provides car wash services. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involved those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

69. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a car washer employee, and through his daily activities, handled and worked on goods and materials that were moved across State lines at any time in the course of business. In addition, Plaintiff's services were paid with credit cards. Therefore, there is individual coverage.

70. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

71. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

72. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

73. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

74. Defendant ANNELLIE'S CAR WASH employed Plaintiff MARQUIS COLEMAN as a non-exempt tipped car wash employee, approximately from 2001, to November 19, 2016 or more than 15 years, For FLSA purposes Plaintiff's relevant period of employment is 139 weeks.

75. During Plaintiff's employment time, he worked more than 40 hours every week period. Plaintiff had a regular schedule of Five and Six days per week, and he worked a total of 50 and 60 hours each week.

76. Plaintiff and other employees similarly situated were paid a piece-rate of $3.00 per car. Usually, thus, Plaintiff was paid an average of $100.00 weekly. Additionally, Plaintiff received tips for an average of $65.00 weekly, which totaled $165.00 per week.

77. This means that Plaintiff was paid an average of $3.30 and $2.75 an hour, not even the Federal minimum wage. Plaintiff and all individuals similarly situated were not paid minimum wages at the Federal minimum wage rate of $7.25 as required by the Fair Labor Standards Act.

78. Defendant failed to keep accurate records and to track hours worked, tips received, in order to make sure that Plaintiff's piece rate, plus tips received were enough to meet at least the mandatory Federal minimum of $7.25.

79. Plaintiff worked 50, and 60 hours weekly, however he was not paid for overtime hours at the rate of time and a half his regular rate.

80. Plaintiff and all individuals similarly situated were paid daily on cash basis, and they were not provided with any paystub detailing hours worked, wage rate etc. etc.

81. Therefore, Defendant failed to pay Plaintiff and other similarly situated individuals minimum and overtime wages according to the minimum wages, and they violated all the provisions of the Fair Labor and Standards Act protecting workers.

82. Plaintiff complained many times to the owner of the business RENE L. MORENO, to supervisors Mark, Pete, and Ned, and requested to be paid at least minimum wages and overtime hours. Plaintiff did not get any positive answer.

83. These complaints constituted protected activity under the Fair Labor Standards Act.

84. Plaintiff tried to organize a collective complaint with his co-workers. Plaintiff intended to request minimum wages and overtime. However, management found out and as a result, on or about November 19, 2016, Plaintiff was fired.

85. Plaintiff performed his duties satisfactorily, there was no reason to fire him other than retaliation for his complaints about unpaid wages.

86. There was close proximity between Plaintiff's last protected activity and his retaliatory termination.

87. At the times mentioned, individual Defendant RENE L. MORENO was the owner/director/manager of ANNELLIE'S CAR WASH. Defendant RENE L. MORENO

was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of ANNELLIE'S CAR WASH in relation to its employees, including Plaintiff and others similarly situated. Defendant RENE L. MORENO had financial and operational control of the corporation, run day to day operations, determined working conditions of Plaintiff and other similarly situated employees and he is jointly liable for Plaintiff's damages.

88. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

89. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARQUIS COLEMAN respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants ANNELLIE'S CAR WASH, JACOB SCNEIDER and RENE L. MORENO that Plaintiff MARQUIS COLEMAN recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants ANNELLIE'S CAR WASH, JACOB SCNEIDER and RENE L. MORENO to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff MARQUIS COLEMAN further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff MARQUIS COLEMAN demands trial by jury of all issues triable as of right by jury.

Dated: March 21, 2017

        Respectfully submitted,

        By: **/s/ Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile: (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*