## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

ANNELLIE'S CAR WASH, LLC and RENE MORENO (the "Company") and BRANDON WILLIAMS, his heirs, executors, administrators, successors, and assigns (collectively referred to herein as "Williams"), (collectively, the Company and Williams referred to herein as the "Parties") hereby enter into this Confidential Settlement Agreement and General Release ("Agreement and General Release") this 28th day of June, 2017, agreeing as follows:

1. **ACKNOWLEDGMENT OF WAIVER OF RIGHT OF ACTION.** Williams hereby explicitly waives the right to file suit in any court of competent jurisdiction based upon anything arising out of his employment with the Company.

2. **CONSIDERATION.** In consideration for the execution by Williams of this Agreement and General Release, and his compliance with the promises made herein, the Company agrees to provide the following payments and benefits to which he would not otherwise be entitled to:

    a. To Williams, for unpaid wages, **TWO THOUSAND SEVEN HUNDRED AND FIFTY DOLLARS ($2,750.00)** for which a Form 1099 will be provided to Williams;

    b. To Williams, for liquidated damages, **TWO THOUSAND SEVEN HUNDRED AND FIFTY DOLLARS ($2,750.00)** for which a Form 1099 will be provided to Williams;

    c. To Williams's attorney, Zandro E. Palma, P.A., for fees and costs, **FIVE THOUSAND DOLLARS ($5,000.00)** for which a Form 1099 will be provided to the aforementioned law firm.

    d. The Company also agrees to pay one-hundred percent of the mediator's fee in this matter.

    The Company makes no representation regarding the taxability of the amounts paid pursuant to this Agreement and General Release. Williams agrees to pay his portion of federal, state or local taxes, if any, which are required to be paid with respect to this Agreement and General Release. Moreover, Williams agrees to indemnify the Company and hold it harmless from any interest, taxes, or penalties assessed against it by any governmental agency as the result of the non-payment of taxes on any amounts paid to Williams under this Agreement and General Release.

3. **PAYMENT SCHEDULE.** The above-referenced settlement amount of **TEN THOUSAND FIVE HUNDRED DOLLARS ($10,500.00)** ("Settlement Amount") shall be paid by the Company within seven (7) days of the Court's approval of this settlement.

4. **NO CONSIDERATION ABSENT EXECUTION OF THIS AGREEMENT AND**

**GENERAL RELEASE.** Williams understands and agrees that he would not receive the monies and/or benefits specified in paragraph "2" above, except for the fulfillment of the promises contained herein.

5. **GENERAL RELEASE OF ALL CLAIMS.** Williams knowingly and voluntarily releases and forever discharges the Company, its affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and its current and former employees, attorneys, officers, directors and agents thereof, including, but not limited to, Rene Moreno, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement and General Release as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Williams has or may have against Releasees as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Fair Labor Standards Act;
- The Genetic Information Nondiscrimination Act;
- The Whistle Blower provision of the Sarbanes-Oxley Act of 2002;
- Florida Civil Rights Act, Fla. Stat. §760.01 et seq.;
- Florida Whistle Blower, Fla. Stat. §448.101 et seq.;
- Florida Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers Compensation Claim – Fla. Stat. §440.205;
- Florida Wage Discrimination Law, Fla. Stat. §448.07;
- Florida Equal Pay Law, Fla. Stat. §725.07 and Fla. Stat. Ann. §448.07;
- Florida AIDS Act, Fla. Stat. §110.1125, §381.00 and §760.50;
- Florida Discrimination on the Basis of Sickle Cell Trait Law, Fla. Stat. §448.075 et seq.;
- Florida OSHA, Fla. Stat. Ann. §442.018(2);
- Florida Wage Payment Laws, Fla. Stat. §§ 448.01, 448.08;
- Florida's Domestic Violence Leave Law, Fla. Stat. § 741.313;
- Florida's Preservation and Protection of the Right to Keep and Bear Arms in Motor Vehicles Act of 2008, Fla. Stat. § 790.251;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; and

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Williams waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any Releasee identified in this Agreement and General Release is a party. It is understood and agreed that this Agreement constitutes a full and final bar to all claims or demands of any kind that Williams may have against Releasees, including costs, attorneys' fees or other expenses. However, this Agreement and General Release shall not release any pending workers' compensation claim Williams may have against the Company.

6. <u>ACKNOWLEDGMENTS AND AFFIRMATIONS.</u>

Williams affirms that he has not filed, caused to be filed, or presently is a party to any suit, claim, charge, complaint, investigation or demand against Releasees, other than the aforementioned pending workers' compensation claim.

Williams waives the rights and claims set forth above and agrees not to institute, or have instituted by anyone, a lawsuit against the Released Parties based on any such claims or rights. Williams further acknowledges and agrees that with respect to the rights and claims he is waiving, Williams waives not only his right to recover money or any other relief in any action he might commence, but also his right to recover in any action brought on their behalf by any municipal, state or federal agency, including but not limited to the U.S. Department of Labor.

Williams agrees that if a subpoena or legal process is issued with regard to the Releasees, Williams will notify counsel for the Company, in writing, at least ten (10) calendar days before responding to the subpoena or legal process, at the following address:  Jonathan S. Minick, Esq., Jonathan S. Minick, P.A., 1850 SW 8th Street, Suite 307, Miami, Florida 33135, Telephone: (786) 441-8909, E-mail: jminick@jsmlawpa.com.

Williams affirms he is aware of his obligations to make any tax payments and forward payment to the Internal Revenue Service.  Williams affirms that he has been granted any leave to which he was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.  Williams also affirms that he has reported all hours worked as of the date Williams signs this Agreement and General Release and has been paid and/or has received all compensation, salary, wages, bonuses, commissions, and/or benefits to which he may be entitled.  Williams further acknowledges and affirms that, during his employment with the Company, he did not work "off the clock," never signed off on/approved time sheets that were inaccurate, was not threatened or in any manner coerced into signing time sheets, was not given "comp time" in lieu of overtime, did not perform any work during the lunch or other break periods reflected on Williams's time cards and did not have hours moved from one week to the next by the Company for the purpose of avoiding overtime.

Williams affirms that he has no known workplace injuries or occupational diseases

3

that have not been resolved to the satisfaction of all Parties.

Williams affirms that he has not and will not divulge any proprietary or confidential information of Releasees and will continue to maintain the confidentiality of such information consistent with Releasees' policies and his agreement(s) with Releasees and/or common law. Williams also affirms he has returned all property to the Company, including, but not limited to, documents, whether tangible or electronic, belonging to the Company.

Williams affirms that all of Releasees' decisions regarding his pay and benefits through the date of execution of this Agreement and General Release were not discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law.

Williams further affirms that he has not been retaliated against for reporting any allegations of wrongdoing by Releasees or their officers, including any allegations of corporate fraud. Both Parties acknowledge that this Agreement and General Release does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Williams agrees that if such an administrative claim is made, he shall not be entitled to recover any individual monetary relief or other individual remedies.

The Parties have fully considered Medicare's interests, pursuant to the Medicare Secondary Payer rules, and in doing so, Williams has declared that the claims released herein do not involve any illness, injury, incident, or accident in which medical expenses were incurred. This affirmation is a material term of this Agreement and General Release and without which the Company would not have agreed to enter into this Agreement and General Release. Furthermore, notwithstanding any provision herein to the contrary, Williams does not release any claim he may have against the Company for any medical expenses paid by Medicare on Williams' behalf. Accordingly, Medicare has no interest in the payment under this settlement. If Medicare (or the agency representing Medicare's interests) later determines that it does have an interest in the payment to Williams under this settlement, Williams will indemnify the Company as soon as possible for any payments and/or penalties the Company makes to Medicare (or the agency collecting on behalf of Medicare) as a result of the payment under this Agreement and General Release.

Williams and the Company affirm that there was no undue influence, overreaching, collusion or intimidation in reaching this Agreement and General Release.

Williams acknowledges he is unqualified for any position with Releasees because of, among other things, irreconcilable differences with Releasees, and he is not qualified to hold any position with them now or in the future and, therefore, shall not apply in the future for employment as an employee, independent contractor, subcontractor, consultant, or otherwise with Releasees. If Williams breaches this provision and applies for employment with Releasees, Williams' employment application will be rejected. If Williams is employed or engaged in any

capacity by Releasees, he may be immediately terminated.  Williams shall have no cause of action against Releasees as a result of any such rejection or termination.  Any delay in termination shall not be deemed a waiver of this provision

7. **CONFIDENTIALITY AND ACKNOWLEDGEMENT OF RETURN OF PROPERTY.**

Williams agrees not to disclose any information regarding the underlying facts leading up to or the existence or substance of this Agreement and General Release, except to: (1) Williams's spouse, tax advisor, and/or an attorney with whom Williams chooses to consult regarding his consideration of this Agreement and General Release; (2) as a defense to any claims covered by the general release in Paragraph 6 of this Agreement and General Release filed against Williams by the Company with any federal, state or local court or agency; (3) or in response to a subpoena or legal process. If a subpoena or legal process is issued, Williams will notify the Company's counsel, Jonathan S. Minick, Esq., Jonathan S. Minick, P.A., 1850 SW 8th Street, Suite 307, Miami, Florida 33135, Telephone: (786) 441-8909, E-mail: jminick@jsmlawpa.com, in writing, at least ten (10) calendar days before responding to the subpoena or legal process.

In the event Williams or his agents or attorneys makes an unauthorized disclosure of the terms hereof, he will refund to Company the sum of **FIVE THOUSAND FIVE HUNDRED DOLLARS ($5,500.00)** upon demand.

Further, the Company (specifically Rene Moreno (the **"Company Control Group"**) agrees not to disclose any information regarding the underlying facts leading up to or the existence or substance of this Agreement and General Release, except to: (1) the Company's tax advisor(s) and/or attorney(s) with whom the Company consults regarding this Agreement and General Release; (2) as a defense to any claims covered by the general release in Paragraph 6 of this Agreement filed against the Company by Williams with any federal, state or local court or agency; or (3) in response to a subpoena or legal process.

Williams and the Company agree that they have read this Agreement and General Release and that it is binding and enforceable except as otherwise noted herein; that this Agreement and General Release is the result of a confidential proceeding and the signators agree to be bound by such confidentiality and shall not disclose any discussion unless agreed to in writing by all signators or unless ordered by a court or government entity with legal authority to compel such disclosure.

8. **GOVERNING LAW AND INTERPRETATION.**  This Agreement and General Release shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement and General Release, either party may institute an action specifically to enforce any term or terms of this Agreement and General Release and/or seek any damages for breach.  Should any provision of this Agreement and General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general

release language, such provision shall immediately become null and void, leaving the remainder of this Agreement and General Release in full force and effect.

9. **NON-ADMISSION OF WRONGDOING.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

10. **NON-DISPARAGEMENT.** Williams affirms he will not make demeaning, disparaging, and/or derogatory remarks to third parties regarding Releasees, including its owners, officers, directors, advisors, managers, executives or any other agents affiliated with Releasees, in connection with his employment or the services offered by the Company.

The Company Control Group also affirms it will not make demeaning, disparaging, and/or derogatory remarks to third parties regarding Williams in connection with his employment. This affirmation shall not be construed as a limitation on the Company's ability to adequately defend itself against any claims filed by Williams against the Company with any federal, state, or local agency or court.

11. **COOPERATION.** Williams agrees to make himself available to and cooperate with any and all administrative, regulatory, or judicial proceedings that may arise. Williams understands and agrees that his cooperation would include, but would not be limited to, making himself available to Company for interviews and factual investigations; appearing at the Company's request to give testimony without requiring service of a subpoena or other legal process; and turning over all relevant documents which are or may come into his possession.

12. **NEUTRAL REFERENCES.** Upon executing this agreement, Williams authorizes the Company, should the Company be contacted by any prospective employer(s) of Williams, to discuss Williams's employment with such prospective employer(s). All inquiries from any prospective employer(s) of Williams should be directed only to Rene Moreno, who will respond to such inquiries by only disclosing Williams's dates of employment, rate of pay and job title. The Company agrees to not disparage Williams during such communications or to inform the contacting party of the Lawsuit or the underlying facts leading up to or the existence or substance of this Agreement and General Release.

Williams acknowledges and agrees that should Williams intentionally or inadvertently use any other employee of the Company as a reference other than Rene Moreno, Williams agrees that the person so used is acting solely in a personal capacity, not on behalf of the Company, and the Company shall have no liability to Williams for any information provided by the person so used, regardless of truth or falsity.

13. **AMENDMENT.** This Agreement and General Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made

to this Agreement and General Release.

      14.    **ENTIRE AGREEMENT.**  This Agreement and General Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.  Williams acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with the decision to accept this Agreement and General Release and, except for those set forth in this Agreement and General Release.

      16.    **ENFORCEMENT.** The Parties stipulate that the Court shall retain jurisdiction to enforce this agreement for a period of thirty (30) days. In any action or proceeding to enforce the terms of this agreement, the prevailing party shall be entitled to recover his/its reasonable attorneys' fees and costs incurred.

    WILLIAMS IS ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT.  WILLIAMS ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO HIS EXECUTION OF THIS AGREEMENT.

    WILLIAMS MAY REVOKE HIS WAIVER OF AGE DISCRIMINATION CLAIMS HEREIN FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DATE WILLIAMS SIGNS THIS AGREEMENT AND GENERAL RELEASE.  ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO JONATHAN S. MINICK, ESQ., JONATHAN S. MINICK, P.A., 1850 SW 8TH STREET, SUITE 307, MIAMI, FLORIDA 33135, TELEPHONE: (786) 441-8909, E-MAIL: JMINICK@JSMLAWPA.COM, AND STATE, "I HEREBY REVOKE MY WAIVER OF AGE DISCRIMINATION CLAIMS IN OUR AGREEMENT AND GENERAL RELEASE."  THE REVOCATION MUST BE PERSONALLY DELIVERED TO GARY N. MANSFIELD, ESQ. OR BE POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER WILLIAMS SIGNS THIS AGREEMENT. WILLIAMS UNDERSTANDS AND AGREES THAT THE AMOUNT REFERENCED IN PARAGRAPH 2 ABOVE IS FOR HIS WAIVER OF ALL CLAIMS HEREIN AND THAT HE IS NOT ENTITLED TO THAT AMOUNT IF HE REVOKES THE WAIVER.

    WILLIAMS AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

    WILLIAMS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS WILLIAMS HAS OR MIGHT HAVE AGAINST RELEASEES.

*[Signature Page to Follow]*

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

| BRANDON WILLIAMS | ANNELLIE'S CAR WASH, LLC |
|---|---|
| Signed: *[DocuSigned by: Bh will, A2A01D802A5A450...]* | Signed: _____ |
| Date: 7/6/2017 | Date: _____ |
| | Title: _____ |

RENE MORENO

Signed: _____

Date: _____

8